Case 1:21-mj-02250-AOR   Document 3   Entered on FLSD Docket

FILED BY ___CG___ D.C.
Feb 9, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI, FL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. __1:21-mj-02250-AOR__

UNITED STATES OF AMERICA

v.

KENYATTA LYDELL GARDNER,

    **Defendant.**
_____/

# CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? __Yes   _X_ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   __Yes   _X_ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   __Yes   _X_ No

    Respectfully submitted,

    ARIANA FAJARDO ORSHAN
    UNITED STATES ATTORNEY

By:    _/s/ Maria L. Catala_
    Maria L. Catala
    Assistant United States Attorney
    Florida Bar No. 1000435
    United States Attorney's Office
    99 Northeast 4th Street
    Miami, FL. 33132-2111
    Tel: (305) 961-9180
    Maria.catala@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Kenyatta Lydell Gardner,<br><br>*Defendant(s)* | )<br>)<br>) Case No.  1:21-mj-02250-AOR<br>)<br>)<br>) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  February 11, 2020  in the county of  Miami-Dade  in the
Southern  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a Firearm and Ammunition as a Convicted Felon |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
Complainant's signature

Cesar L. Roques, SA, ATF
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time.

Date:  2/9/21

_____
Judge's signature

City and state:  Miami, Florida    Hon. Alicia M. Otazo-Reyes, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Cesar L. Roques, being first duly sworn, hereby depose and state the following:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and I have been so employed since January 2018. My duties involve the enforcement of federal laws concerning firearms, explosives, and arson. Prior to my work at ATF, I worked as an Investigator for the United States Department of Labor Wage and Hour Division for approximately seven (7) years. I am a graduate of the Federal Law Enforcement Training Center, Criminal Investigator Training Program, and the ATF National Academy. I am also a veteran of the United States Coast Guard.

2. As an ATF Special Agent, I am empowered by statute to enforce the laws of the United States, and to conduct investigations of, and make arrests for, offenses enumerated in Title 18 and Title 21 of the United States Code, including but not limited to offenses involving firearms, narcotics trafficking, and crimes of violence.

3. This Affidavit is made for the purpose of establishing probable cause in support of a criminal complaint charging of Kenyatta Lydell GARDNER ("GARDNER") with possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1).

4. The statements contained in this Affidavit are based on my personal knowledge, as well as information provided by other individuals, including other law enforcement officials, and my review of records and other evidence obtained during the course of this investigation. I have not included each and every fact known to me and to other law enforcement officers involved in this investigation, but only the facts sufficient to establish probable cause.

## PROBABLE CAUSE

5. On or about February 11, 2020, at approximately 11:40 p.m., Miami Police Department ("MPD") robbery detectives were in an unmarked car, canvasing the area of NW 7th Avenue and NW 71st Street in Miami, Florida, when they observed a Toyota Camry ("Camry") driving in the center lane from 71st Street to 74th Street. Detectives attempted to initiate a traffic stop on the Camry with lights and sirens activated, but the Camry refused to stop and continued northbound, still driving in the center lane.

6. Upon reaching 77th Street, the Camry picked up speed and made a left turn, traveling west. Per policy, the detectives deactivated their sirens and lights, but continued to follow the Camry at a safe distance. The Camry continued west, ran two stop signs at a high rate of speed, then turned down a no outlet street and collided with a guardrail. After the collision, GARDNER exited the Camry, jumped over the guardrail, and attempted to run south. Shortly thereafter, detectives apprehended GARDNER, and he was taken into custody.

7. GARDNER was the driver and sole occupant of the Camry. An inventory search of the Camry revealed, among other things, several small clear baggies containing suspected narcotics, and a 9MM High Point firearm loaded with eight (8) rounds of live ammunition in the center console. Detectives conducted a search incident to arrest of Gardner, and found on his person a small clear baggie of suspected narcotics, approximately $60 in singles, and one $5 bill.

8. A review of GARDNER's criminal history revealed that GARDNER's Florida driver's license was suspended on or about July 9, 2018, and that GARDNER has more than one felony conviction, each punishable by imprisonment for a term exceeding one year. Additionally, GARDNER knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year, as he was previously incarcerated for approximately three (3) years.

9. Furthermore, Your Affiant confirmed that both the firearm and ammunition found in the Camry were manufactured outside the State of Florida and have, therefore, traveled in interstate commerce.

## CONCLUSION

10. Based on my training and experience and the facts detailed above, I respectfully submit that there is probable cause to believe that, on or about February 11, 2020, in Miami-Dade County, in the Southern District of Florida, GARDNER knowingly possessed a firearm and ammunition in or affecting interstate or foreign commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

**FURTHER YOUR AFFIANT SAYETH NAUGHT**

Cesar L. Roques
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Attested to by the applicant in accordance
with the requirements of Fed. Crim. P. 4.1
via FaceTime this _8th_ day of February, 2021.

HONORABLE ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

3